IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY KEITH BROWN, § | | |
| TDCJ #1122321, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-07-3066 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

Petitioner Anthony Keith Brown (TDCJ #1122321) is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Brown has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. He has also filed a memorandum in support of his petition. After reviewing all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

I.     BACKGROUND

According to the pleadings, a jury in the 262nd District Court of Harris County, Texas, found Brown guilty in cause number 905477 of burglary of a habitation with intent to commit theft. On September 9, 2002, the trial court sentenced Brown to serve fifteen years' imprisonment in that case. A state court of appeals affirmed the conviction after

making the following findings based on the evidence presented at trial, which showed that Brown was caught breaking into his former girlfriend's home while demanding money:

> [Brown] and Lois Bradley dated and lived together in Bradley's house until their relationship ended in the spring of 1991. Although [Brown] moved out of Bradley's house following the breakup, he occasionally returned to her house and requested money. Bradley refused [Brown]'s requests on these occasions and was sometimes forced to call the police to have him removed from her property. On March 14, 2002, [Brown] knocked at Bradley's front door and again requested money. Bradley did not open the door, but instead telephoned the police. [Brown], meanwhile, went to the back of the house and broke through a back door. He damaged both the door and a kitchen drawer in the process. Once inside the house, [Brown] grabbed Bradley, dragged her into a hallway, and demanded that she give him money. Houston Police Officer Robert Campbell arrived at the house and encountered [Brown] holding Bradley around her neck. [Brown] was subsequently arrested.

*Brown v. State*, No. 01-02-00987-CR, 2003 WL 21470308 (Tex. App. — Houston [1st Dist.] June 26, 2003). Brown did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals, meaning that his conviction became final thirty days later on or about July 26, 2003. *See* TEX. R. APP. P. 68.2(a).

Brown now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction for burglary of a habitation with intent to commit theft in cause number 905477. Brown's sole claim is that he is "legally innocent" because there was "no proof of his intent" prior to entering the victim's home. Because the challenged conviction became final in 2003, it appears from this record that the pending federal habeas corpus petition,

which is dated September 15, 2007,[1] is barred by the governing one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

More importantly, the record reflects that this is not the first federal habeas corpus petition that Brown has filed to challenge his conviction in cause number 905477. Brown has filed a previous federal habeas corpus petition to challenge the same conviction. *See Brown v. Quarterman*, Civil Action No. H-06-2474 (S.D. Tex.). The respondent filed a motion for summary judgment in that case noting that Brown's petition was barred by the governing one-year statute of limitations. The district court dismissed the case after Brown abandoned his petition. *See id*. (Docs. # 16, # 17). Brown did not file an appeal to the Fifth Circuit or request a certificate of appealability from the dismissal order. Because Brown has filed a previous federal habeas corpus petition to challenge the same conviction, the Court concludes for reasons discussed further below that the pending petition is subject to dismissal as an unauthorized successive application for federal habeas corpus review.

## II.     DISCUSSION

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications

---

[1] The Clerk's Office received the petition on September 20, 2007, and filed it the same day. Under the mail-box rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Because the pleadings are dated September 15, 2007, the petition is deemed filed on that date.

under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000). In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d at 235. Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Court records from Brown's previous federal habeas proceeding show that he raised two claims of ineffective assistance of counsel, a challenge to the sufficiency of the evidence, and a claim of "entrapment by police and by [the] complainant." *Brown v. Quarterman*, Civil Action No. H-06-2474 (S.D. Tex.) (Doc. # 1, *Petition*, at 7-8). The claim raised in the pending petition, which challenges the legal sufficiency of the evidence, could have been presented in Brown's previous federal

habeas corpus proceeding. Thus, the pending petition meets the second-or-successive criteria.[2]

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The petitioner has not presented the requisite authorization. Absent such authorization, this Court lacks jurisdiction over the petition. *Id.* at 775. Accordingly, the petition must be dismissed as an unauthorized successive writ.

---

[2] Exhibits attached to the pending petition reflect that the Texas Court of Criminal Appeals dismissed Brown's latest legal-sufficiency claim as barred by the Texas abuse-of-the-writ statute set forth at Article 11.07, § 4(a) of the Texas Code of Criminal Procedure. (*See* Doc. # 1, Exhibit, White Card Notification from the Texas Court of Criminal Appeals, dated May 9, 2007, in *Ex parte Brown*, No. 64,312-02). The Fifth Circuit has consistently held that, since 1994, the Texas abuse-of-the-writ doctrine has provided an independent and adequate state ground for the purpose of imposing a procedural bar to federal habeas review. *See Emery v. Johnson*, 139 F.3d 191, 195-96 (5th Cir. 1997), *cert. denied*, 525 U.S. 969 (1998); *see also Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2000); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1138 (1995). Thus, in addition to being untimely and successive, the underlying dismissal means that Brown's pending claim is barred by the doctrine of procedural default.

**III.     CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed.  *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim.  Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

**IV.     CONCLUSION AND ORDER**

Because the pending federal habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. This federal habeas corpus proceeding is **DISMISSED** without prejudice for lack of jurisdiction.

3.      A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on September 25, 2007.

_____
Nancy F. Atlas
United States District Judge